# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
    Plaintiff,     )
    )
V.     )   ID No. 1404000692
    )
ALEX RYLE,     )
    Defendant.     )
    )

Submitted: March 12, 2019
Decided: June 27, 2019


## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND RULE 61 COUNSEL'S MOTION TO WITHDRAW SHOULD BE GRANTED


John S. Taylor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Edward F. Eaton, Esquire, The Eaton Law Firm, Wilmington, Delaware, Attorney for Defendant Alex Ryle.


**SALOMONE,** Commissioner

This 27th day of June, 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.      On April 2, 2014, Defendant Alex Ryle ("Mr. Ryle" or "Movant") was arrested in Wilmington, Delaware for drug and weapons charges and violations of probation.  On July 7, 2014, Mr. Ryle was indicted on the following charges: (i) three counts of Possession of a Firearm By a Person Prohibited ("PFBPP"); (ii) Possession of Ammunition By a Person Prohibited ("PABPP"); (iii) Carrying a Concealed Deadly Weapon ("CCDW"); and (iv) Possession of a Controlled Substance ("Poss CS").

2.      On July 15, 2014, seemingly unaware of the indictment, Mr. Ryle filed a *pro se* Motion to Dismiss for Lack of Indictment.  The Motion was referred to his appointed counsel, Dade Werb, Esq. ("Mr. Werb" or "trial counsel").

3.      On September 9, 2014, Mr. Ryle filed a Motion to Dismiss Current Counsel and/or Appoint New Counsel because Mr. Werb failed to file certain motions requested by Mr. Ryle, including motions for "dismissal, speedy trial, discovery, severance, and suppression."  Shortly thereafter, Mr. Werb filed a Motion to Withdraw as Counsel.

1

4.     On October 27, 2014, the Motions to Withdraw as Counsel and Dismiss Current Counsel were presented to Commissioner Lynne Parker. After a thorough and lengthy colloquy with Mr. Ryle, the Motions were granted and Mr. Ryle was to proceed *pro se*.

5.     After the Court's approval of Mr. Ryle proceeding *pro se*, he began filing the motions that he had previously requested be filed by Mr. Werb. By letter dated October 28, 2014, Mr. Ryle requested discovery from the State. On November 5, 2014, he filed a Motion to Suppress. On November 10, 2014, he filed a Motion to Sever. On November 26, 2014, he filed a Motion to Disclose the Identity of a Confidential Informant. The latter three motions were considered by Judge Mary Johnson on January 23, 2015 at which time both the disclosure and suppression motions were denied.[1] The severance motion was ultimately denied as moot.

6.     On December 8, 2014, a final case review was held before Judge Charles Butler at which time Mr. Ryle rejected the plea offer from the State.

7.     On December 22, 2014, Mr. Ryle was reindicted on the same charges: PFBPP (3 counts), PABPP, CCDW and Poss CS.

---

[1] *Ryle v. State*, 2015 WL 354028 (Del. Super.).

2

8. On December 29, 2014, Mr. Ryle filed a Motion to Dismiss for Lack of a Speedy Trial, Delay in Filing an Information, and Due Process Violations.

9. On January 20, 2015, Mr. Ryle was arraigned on the reindicted charges and, after another colloquy with Commissioner Parker, signed a second Waiver of Counsel Form and confirmed his desire to proceed *pro se*.

10. On January 23, 2015, Mr. Ryle filed a Motion to Dismiss, which was heard and dismissed by Commissioner Mark Vavala on January 26, 2015.

11. On February 3, 2015, Mr. Ryle filed a Motion in Limine. On February 4, 2015, the State filed a Motion to Exclude Inadmissable Evidence. Both Motions were addressed by Judge Fred Silverman at a pretrial conference held on February 9, 2015. Mr. Ryle's Motion was dismissed as untimely and the State's evidentiary issues were discussed.

12. A jury trial was held before Judge Paul Wallace on February 10 and 11, 2015. Prior to the commencement of the trial, Judge Wallace precluded the State from introducing a toxicology report into evidence because it was not provided to Mr. Ryle in a timely manner. As a result, the State did not purse the drug offense. The State also entered a *nolle prosequi* on two counts of PFBPP and the Poss CS charge. In order to avoid introducing evidence at trial regarding his prior

convictions, Mr. Ryle stipulated that he was a person prohibited from possessing a firearm and ammunition.

13. On the second day of trial, Mr. Ryle requested the appointment of standby counsel, which was denied by the Court.

14. Following the two-day trial, the jury found Mr. Ryle guilty of PFBPP, PABPP and CCDW.

15. On February 16, 2015, the State moved to declare Mr. Ryle a habitual offender. That same day, Mr. Ryle filed a Motion for a New Trial under Superior Court Rule 33. Ten days later, Mr. Ryle requested leave to amend the motion, which was granted by Judge Wallace.

16. On August 14, 2015, Judge Wallace issued an Opinion denying the Motion for a New Trial.[2]

17. On August 18, 2015, Mr. Ryle was scheduled for sentencing at which time he renewed his request for the appointment of standby counsel. The Court granted Mr. Ryle's request and ordered the appointment of Mr. Werb as standby counsel for sentencing. The sentencing was rescheduled for September 18, 2015 and then later postponed again at Mr. Ryle's request.

---

[2] *State v. Ryle*, 2015 WL 5004903 (Del. Super.)

4

18. On September 30, 2015, Mr. Ryle filed a Motion for Assistance of Counsel, objecting to the appointment of Mr. Werb as standby counsel and seeking substitute counsel.

19. On October 2, 2015, Mr. Werb informed the Court regarding certain issues raised by Mr. Ryle, including Mr. Ryle's request for a merger of several charges and his objection to being sentenced as a habitual offender. That same day, the Court entered an Order Appointing Counsel and denied Mr. Ryle's request to exclude Mr. Werb as counsel. The Court advised Mr. Ryle that it would not permit "hybrid" representation nor would the Court accept any further *pro se* filings under Superior Court Criminal Rule 47.

20. On October 8, 2015, the Superior Court granted the State's motion and ordered that Mr. Ryle to be sentenced as a habitual offender with respect to the charges of PFBPP and CCDW. On the charge of PFBPP, the Court imposed the minimum mandatory sentence required under the habitual offender statute of fifteen (15) years of incarceration at Level V, with a credit of 159 days for time previously served, with no probation to follow. On the charge of CCDW, the Court also imposed the minimum mandatory sentence required under the habitual offender statute of eight (8) years of incarceration at Level V, with no probation to follow. On the charge of PABPP, the Court imposed a sentence of eight (8) years of incarceration at Level V, suspended for decreasing levels of supervision.

21.     On October 19, 2015, Mr. Werb filed a Notice of Appeal with the Supreme Court of the State of Delaware.  On January 8, 2016, a Stipulation of Counsel was filed in the Delaware Supreme Court entering the appearance of Michael W. Modica, Esq. ("Mr. Modica" or "appellate counsel"), as counsel for Mr. Ryle.

22.     On March 23, 2016, Mr. Modica filed an Opening Brief with respect to Mr. Ryle's direct appeal to the Delaware Supreme Court in which he raised two issues on appeal: (i) the Superior Court Commissioner lacked the authority to grant Mr. Ryle's request to proceed *pro se* and (ii) despite having a colloquy with the Commissioner about the risks of proceeding without counsel, Mr. Ryle did not knowingly and voluntarily waive his right to counsel.  The State filed its Answer on April 18, 2016 and a Reply was filed on May 3, 2016.  On October 11, 2016, the Delaware Supreme Court determined that the appeal was without merit and affirmed the judgment of the Superior Court.[3]

23.     On August 16, 2017, Mr. Ryle filed a *pro se* Motion for Postconviction Relief, alleging, *inter alia*, ineffective assistance of counsel, as well as a Motion for Appointment of Counsel.[4]

---

[3] *Ryle v. State*, 149 A.3d 505 (Del. 2016).
[4] The Motion for Appointment of Counsel was granted the same day by Judge Wallace, appointing the Office of Defense Services to represent Mr. Ryle in connection with the postconviction motion.

6

24. Mr. Ryle raised three grounds in support of his Motion for Postconviction Relief which are summarized as follows:

### Ground One:  Ineffective Assistance of Appellate Counsel

Mr. Ryle asserts that appellate counsel was ineffective for failing to challenge "the Trial Court's sanction of the State's discovery violation" and that the outcome of the appeal would have been different if appellate counsel had done so.

### Ground Two:  Ineffective Assistance of Trial Counsel

Mr. Ryle asserts that trial counsel's (i) refusal to file the numerous pre-trial motions requested by Mr. Ryle and (ii) failure to properly explain to Mr. Ryle his legal situation, legal options and legal rights, forced Mr. Ryle to proceed *pro se*. According to Mr. Ryle, if he had been represented buy counsel, the outcome of the trial would have been different.

### Ground Three:  Improper Enhancement of Sentence

Mr. Ryle asserts that his sentence was improperly enhanced due to prior violent felonies, which raises a "prejudicial issue of my crimes classification of violence yet lacking actual violence in the actus reus of my convictions."

7

## FACTS

25. On April 1, 2014, Mr. Ryle was observed by the Wilmington Police Violent Crimes Task Force during an investigation into illegal drug activity in the area near the 400 block of East 35th Street in Wilmington, Delaware. Mr. Ryle had an outstanding warrant for his arrest at the time due to probation violations and was taken into custody.

26. At the time of his arrest, Mr. Ryle was in possession of a loaded 25 caliber semi-automatic handgun and a bag containing a substance that field tested positive for cocaine. The gun was found in the pocket of Mr. Ryle's pants.

27. After a recitation of his *Miranda* rights while in custody, Mr. Ryle confessed to possessing the gun in a recorded interview. The videotaped statement was played for the jury at trial. He also stipulated that he was a person prohibited from possessing firearms to try to avoid any evidence of his prior convictions being presented at trial.

28. Mr. Ryle decided to testify at trial despite warnings from the Court that it could be a mistake to do so.[5] During his testimony, Mr. Ryle admitted that he was high on crack cocaine at the time of his arrest and that he was in possession of the gun, which he had put in his pants pocket.

---

[5] The Court also conducted a balancing test under D.R.E 609(a)(1).

29. Based upon his testimony and closing argument, it appears that Mr. Ryle's defense strategy was to ask the jury to find him not guilty because he only possessed the gun "momentarily" and for the purpose of self-protection but not fpr the purpose of committing a crime. His strategy was to elicit sympathy from the jury by demonstrating that (i) he was high on drugs at the time of his arrest and not aware he had the gun in his pocket and (ii) he was concerned for his safety due to a recent murder in the area.

30. Mr. Ryle's defense strategy also caused him to elicit testimony from police officers about their drug investigation. At one point in the trial, Mr. Ryle raised as an objection that the officers' affiliation with the drug unit had been mentioned during their testimony. The Court gave a cautionary instruction and told the jury not to consider the fact that the police officers worked for the drug unit as having any bearing on the facts of the case. Although the Court tried to convince him otherwise, Mr. Ryle testified as to his use of drugs and possession of the gun on the date of the arrest.

## RULE 61 MOTION AND COUNSEL'S MOTION TO WITHDRAW

31. Mr. Ryle filed a timely *pro se* motion for postconviction relief and request for the appointment of counsel on August 16, 2017. Rule 61 counsel was appointed and given leave to amend Mr. Ryle's *pro se* motion.

9

32.    On May 23, 2018, assigned Rule 61 counsel filed a Motion to Withdraw as Postconviction Counsel pursuant to Superior Court Criminal Rule 61(e)(6). Superior Court Criminal Rule 61(e)(6) provides that:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.

33.    In the motion to withdraw, Rule 61 counsel represented that, after undertaking a thorough analysis of the record to evaluate the defendant's claims, counsel has determined that the claims are so lacking in merit that counsel cannot ethically advocate any of them.[6]    Counsel further represented that, following a thorough review of the record, counsel was not aware of any other substantial claim for relief available to Mr. Ryle.  Rule 61 counsel represented to the Court that there are no potential meritorious grounds on which to base a Rule 61 motion and has therefore sought to withdraw as counsel.[7]

---

[6] *See,* Superior Court Docket Nos. 102 & 103- Motion to Withdraw as Counsel along with the accompanying Memorandum in Support of Motion to Withdraw and Appendix.
[7] *Id.*

10

34. On the same day, Rule 61 counsel advised Mr. Ryle of his motion to withdraw and that he had the right to file a response thereto within 30 days, if he desired to do so.

35. On July 16, 2018, Rule 61 counsel forwarded Mr. Ryle's response to the Court.

36. The record was expanded and both appellate and trial counsel submitted Affidavits in response to Mr. Ryle's Motion for Postconviction Relief. The State filed its response to Mr. Ryle's Motion for Postconviction Relief on October 24, 2018. Mr. Ryle filed his reply to the State on January 28, 2018. The State filed its sur-reply on March 5, 2019.

37. In order to evaluate Mr. Ryle's Rule 61 motion and to determine whether his Rule 61 counsel's motion to withdraw should be granted, the Court should be satisfied that Rule 61 counsel made a conscientious examination of the record and the law for claims that could arguable support Mr. Ryle's Rule 61 motion. In addition, the Court should conduct its own review of the record in order to determine whether Mr. Ryle's Rule 61 motion is so totally devoid of any, at least, arguable postconviction claims.[8]

---

[8] *Matos v. State*, 2015 WL 5719694, *2 (Del.).

## LEGAL ANALYSIS OF CLAIMS

38.     Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Rule 61 Motion.[9] This is Mr. Ryle's first motion for post-conviction relief and it was timely filed.[10] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[11] However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[12]

39.     In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-prong standard set forth in *Strickland v. Washington.*[13] This test requires the petitioner to show: (a) counsel's deficient

---

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[10] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(2) (If the defendant files a direct appeal, the judgment of conviction becomes final when the mandate is issued).
[11] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i), (ii).
[12] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[13] *Strickland v. Washington*, 466 U.S. 668 (1984).

performance, *i.e.*, that his attorney's performance fell below "an objective standard of reasonableness,"[14] and (b) prejudice.[15]

40. Under the first prong, judicial scrutiny is highly deferential. Courts must ignore the distorting effects of hindsight and proceed with a strong presumption that counsel's conduct was reasonable.[16] The *Strickland* Court explained that a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.[17]

41. Under the second prong, in order to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[18] In other words, not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.[19] The court must consider the totality of the evidence and must ask if the movant has met the burden of showing that the decision reached would reasonably likely have been

---

[14] *Id.* at 688.
[15] *Id.* at 694.
[16] *Id.* at 689.
[17] *Id.* at 690.
[18] *Id.* at 694.
[19] *Id.* at 693.

different absent the errors.[20] "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[21]

42. Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[22] Although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance.[23] Moreover, there is a strong presumption that defense counsel's conduct constituted sound trial strategy.[24]

## MOVANT'S RULE 61 MOTION IS WITHOUT MERIT

### I. Ground One: Ineffective Assistance of Appellate Counsel

43. With respect to Ground One of his Rule 61 Motion, Mr. Ryle claims th at appellate counsel was ineffective for failing to challenge "the Trial Court's sanction of the State's discovery violation." Appellate counsel addressed this claim

---

[20] *Dale v. State,* 2017 WL 443705, * 2 (Del. 2017); *Strickland v. Washington,* 466 U.S. 668, 695-696 (1984).

[21] *Cooke v. State,* 977 A.2d 803, 840 (Del. 2009)(quoting *Strickland,* 466 U.S. at 686).

[22] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990).

[23] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988); *Salih v. State,* 2008 WL 4762323, at *1 (Del. 2008).

[24] *Strickland v. Washington,* 466 U.S. 668, 689 (1984).

14

in his Affidavit and explained that he examined, but rejected, Movant's claims relating to the adverse rulings and did not have a good faith basis to appeal any adverse ruling by the trial court relating to any alleged discovery violations. In his letter to Mr. Ryle, dated Februrary 8, 2016, Mr. Modica advised Mr. Ryle as follows:

> I reviewed the transcript to see if the Court committed error in any of its evidence decisions. I did not detect any significant error that would support a reversal of your conviction based upon the erroneous admission of evidence. Judge Wallace ruled in your favor on a number of issues, including on the issue relating to the medical examiner's report. Based on that ruling the State was forced to dismiss the possession of drug charge. Significantly, he ruled in your favor on which convictions could be presented to the jury. He prevented all of your felony convictions from being admitted at trial and only allowing the misdemeanor conviction to be considered by the jury. Moreover, I don't believe that the Court committed error by denying your motion to suppress, or any of your other motions.

44. Simply put, appellate counsel did not advance claims that he did not believe were supported by the record. Mr. Ryle asserts such conduct amounts to ineffective assistance of counsel. That is not the law. Contrary to Mr. Ryle's position, an officer of the Court has a duty to *NOT* raise frivolous claims.[25]

45. Moreover, as appellate counsel aptly stated in his Affidavit, "this was a simple case." A capias had been issued for Mr. Ryle's arrest for his violations of

---

[25] *Fairthorne Maint. Corp. v. Ramunno*, 2007 WL 2214318 (Del. Ch.).

probation. The police, therefore, had the authority to take Mr. Ryle into custody and execute the warrant without the need for probable cause. A search incident to the arrest led to the discovery of a concealed deadly weapon that Mr. Ryle was prohibited from possessing based on his prior felony convictions.

46.    As Mr. Modica further stated in his Affidavit, in pertinent part:

> Defendant is unable to demonstrate that the Trial Court abused its discretion in denying any of his motions, including any motions relating to discovery. Even if the Trial Court abused its discretion in denying any of the Defendant's discovery motions, such error would be harmless as he is unable to demonstrate that the outcome would be different. In other words, there is no discovery requested, that if provided, would have changed the fact that defendant was lawfully arrested and searched, and that he possessed a prohibited weapon concealed on his person.

Based on the foregoing, Mr. Modica's actions were objectively reasonable under the circumstances. He brought claims on appeal with merit (that were worthy of oral argument) and did not bring those without merit.

47. Movant has failed to meet his burden under *Strickland* on his claim of ineffective assistance of appellate counsel because he has not shown that there was a reasonable probability that but for the purported professional error of not raising the discovery violations, there would have been a different outcome on appeal.

## II.     Ground Two:  Ineffective Assistance of Trial Counsel

48.     With respect to Ground Two of his Rule 61 Motion, Mr. Ryle claims that trial counsel was ineffective for failing to (i) diligently evaluate his case, (ii) properly advise him of his legal rights and (iii) zealously advocate his position by refusing to file certain motions to dismiss for lack of indictment, speedy trial, severance, discovery and suppression.  Mr. Ryle asserts that each of the foregoing failures compelled him to proceed *pro se* and had he been represented by counsel, the outcome of the trial would have been different.

49.     In his Affidavit, trial counsel explained that the requested motions would have been either untimely or superfluous.  For example, Mr. Werb stated that based on his experience in Superior Court, had a motion to dismiss for lack of indictment been filed prior to the July 7, 2014 indictment, the State would have requested more time to indict, which request would have been granted.  Similarly, he explained that although his initial request for discovery was sent to the State on April 14, 2014, he did not believe that filing a motion to compel would have been warranted as of August 7, 2014 as Mr. Ryle had yet to have his first case review (at which time discovery was provided).

50.     As the case proceeded, Mr. Ryle continued to send trial counsel letters and draft motions he wanted him to file with the Court.  In his Affidavit, Mr. Werb

stated that he reviewed each motion and determined that the motions had no colorable basis or merit based on his evaluation of the case.

51.     An ineffective assistance of counsel claim based on the failure to file a motion is without merit if trial counsel lacked a legal or factual basis to do so.[26]

52.     Moreover, Mr. Werb provided a detailed account of the dates when he met with Mr. Ryle (in person or by videophone) and the matters that were discussed at each meeting. In the Court's view, this recitation demonstrates that trial counsel properly advised Mr. Ryle at each stage of the proceedings and was diligent in doing so.

53.     After Mr. Ryle's request to proceed *pro se* was granted, Mr. Ryle filed the motions that he had previously requested that trial counsel file on his behalf. With a few exceptions, most of those motions were denied by the Court. Those that were granted inured to Mr. Ryle's benefit at trial. Given that the Court ultimately considered these motions, Mr. Ryle cannot show he was prejudiced by trial counsel's failure to file them.

54.     Under the facts and circumstances of this case, trial counsel's actions were objectively reasonable. He declined to file untimely motions to dismiss and to compel discovery. Even if those actions were judged to be unreasonable, there is no

---

[26] *State v. Exum*, 2002 WL 100576, *2 (Del. Super.), *affirmed*, 2012 WL 2017230, *1 (Del.).

18

reasonable probability that, but for those actions, the result of trial would have been different.

55. Movant has failed to meet his burden under *Strickland* on his claim of ineffective assistance of trial counsel because the purported failures on the part of trial counsel have not been shown to so undermine the proper functioning of the adversarial process such that the trial cannot be relied upon as having produced a just result.

## III. Ground Three: Improper Enhancement of Sentence

56. With respect to Ground Three of his Rule 61 Motion,[27] Mr. Ryle claims that his sentence was improperly enhanced. In essence, he asserts that counsel should have argued for a change in the law based on the dissent in *Forehand v. State*.[28]

57. In *Forehand*, then Chief Justice Steele states in his dissent that he fails to see a rational basis to classify an Escape from Conviction charge as a violent felony. Mr. Ryle, in turn, argues that the felonies that triggered the enhancement of

---

[27] Ground Three is not specifically raised by Mr. Ryle as an ineffective assistance of counsel claim to support his Rule 61 Motion, but the Court will treat the issue raised in his letters as if being set forth for that reason.
[28] 997 A.2d 673 (Del. 2010).

19

his sentence as a habitual offender were not, in fact, crimes of violence and did not endanger the public in any way.

58. This ground for relief could have been asserted in the appeal and is barred under Rule 61 unless it is deemed warranted in the interest of justice. Here, it is not.

59. Failure on the part of an attorney to argue for a change in existing law does not constitute ineffective assistance of counsel, which would have been necessary to maintain a claim that Mr. Ryle's underlying felonies are not properly classified as violent.

60. Under *Forehand*, for purposes of constitutional analysis, statutes are presumptively valid and will be upheld if a rational basis supports the classification of the offense—whether the underlying crime involved violence or not.[29]

61. In Mr. Ryle's case, however, the predicate offenses were violent in nature and included Assault in the First Degree, Aggravated Menacing and CCDW. Appellate counsel would have had no basis to argue for the change in the law for which Mr. Ryle claims.

---

[29] *Forehand*, 997 A.2d at 674.

62.    To the extent Movant is claiming ineffective assistance of appellate counsel for failing to argue a change in existing law, Movant has failed to meet his burden under *Strickland* as counsel's conduct was objectively reasonable  and Movant can show no prejudice.

## **CONCLUSION**

Movant has failed to establish that either his appellate counsel or trial counsel were deficient in any regard or that he suffered actual prejudice as a result thereof. The court has reviewed the record carefully and has concluded that Movant's Rule 61 motion is without merit and devoid of any other substantial claims for relief. The court is also satisfied that Movant's Rule 61 counsel made a conscientious effort to examine the record and the law and has properly determined that Movant does not have a meritorious claim to be raised in his Rule 61 motion.

For all of the foregoing reasons, Movant's Motion for Postconviction Relief should be **DENIED** and Rule 61 counsel's motion to withdraw should be **GRANTED**.

**IT IS SO RECOMMENDED.**

Commissioner Janine M. Salomone

oc:   Prothonotary
cc:   Dade D. Werb, Esquire
       Michael W. Modica, Esquire
       Alex Rye (SBI 00463547)